Contracts; differing site condition; subsurface water; heavy rainfall. — Plaintiff, an experienced construction contractor familiar with the construction site, contracted with the Department of the Army to construct a field training facilities building, together with certain appurtenant work, at Dover Air Force Base, Delaware. Plaintiff contended administratively and before this court that during contract performance it encountered a level of subsurface water constituting a site condition differing materially from that represented in the contract documents provided at the time the contract was bid. These documents contained drill hole and auger boring data, the drill hole logs (within the perimeter *896 of the proposed building) indicating water at differing depths below ground surface. Plaintiff determined that a sump pump would adequately remove the quantity of water it anticipated encountering. Shortly after receiving notice to proceed the area experienced unusually heavy rainfall and because of the higher level of water encountered plaintiff was forced to use a more complex and costly method of dewater-ing than the sump pump method. Plaintiff’s claim for an equitable adjustment under the Differing Site Conditions clause because of the increased cost of the substitute dewater-ing system was denied administratively. In a recommended decision filed January 14, 1975 (reported in full at 20 CCF para. 83,630), Trial Judge Harry E. Wood concluded that the variations in the water table level were not the result of any error in contract information but of unusually heavy rainfall at the site and its consequent impact upon the water table level, that defendant did not mislead plaintiff, and that the increased costs must be borne by plaintiff. This case came before the court on defendant’s motion requesting the court to adopt the recommended decision on plaintiff’s motion and defendant’s cross-motion for summary judgment, plaintiff having filed no request for review thereof by the court and the time for so filing having expired. Upon consideration thereof and without oral argument, since the court agrees with the recommended decision, by Order dated April 25, 1975 the court granted defendant’s motion and adopted the decision as the basis for its judgment in this case, concluded that plaintiff is not entitled to recover, denied plaintiff’s motion for summary judgment, granted defendant’s cross-motion, and dismissed the petition.